JOHN J. FLIKKIE v. OBER S. OBERSON.[1]

December 21, 1900.

Nos. 12,259—(46).

**Malicious Prosecution—Evidence.**

In an action to recover damages for malicious prosecution, evidence examined, and *held* sufficient to support the verdict.

Action in the district court for Norman county to recover $1,000 damages for malicious prosecution. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $50. From an order denying a motion for judgment in favor

[1] Reported in 84 N. W. 651.

of defendant notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Peter Sharpe* and *O. Mosness,* for appellant.

*N. T. Moen* and *W. W. Calkins,* for respondent.

LEWIS, J.

This is an action to recover damages for malicious prosecution. Plaintiff had a verdict, and defendant appeals. The only assignments of error are those directed to the sufficiency of the evidence to support the verdict, and to the ruling of the court in denying defendant's motion to dismiss at the close of plaintiff's case.

The complaint charges the defendant with having maliciously, falsely, and without probable cause sworn to a complaint charging plaintiff with unlawfully obstructing a public highway with intent to prevent the free use thereof by the public, and causing plaintiff to be arrested and tried upon such charge. A verdict of guilty was found against him in the justice court. The case was appealed to the district court, where the plaintiff was acquitted, and the action dismissed. The answer admits that defendant caused the arrest, denies that there was any malice; alleges probable cause, and that he was acting and relying upon the advice of counsel.

The evidence introduced on behalf of the plaintiff shows that the season of 1897 was wet, and that after the rains the water stood upon plaintiff's land, which adjoined the highway, and, in order to lead off the water, plaintiff deepened the ditches along the side of the highway to the extent of about one foot. The water ran on down the side of the highway, and spread over a low place in the traveled road some distance beyond. It appeared that during wet seasons and high water the water stood in the roadway at that point some two feet deep, until it naturally ran off. The defendant owned an adjoining farm, and was indirectly affected by the surplus water turned down the highway by plaintiff. Other evidence in the case shows that plaintiff fixed up a driveway around the low spot for the accommodation of the public. The defendant and his attorney testified that defendant had stated the case to the attorney, and had been advised by him that such act was against the law. It does not appear that defendant

disclosed to his attorney the fact that plaintiff had been trying to get the water off from his land to save his crops, and that he had fixed up a road for the public around the soft place.

From a consideration of the evidence both at the close of plaintiff's case and upon the whole record, we are of the opinion that it conclusively appears that plaintiff had no intent to obstruct the highway at all. He was simply trying to get rid of the water, and his conduct shows clearly that he had no other purpose. The low place was already in bad condition, and, in so far as plaintiff's acts tended to increase the trouble, it was only temporary, and he did what any man would ordinarily do under such circumstances. If, in a measure, his act tended temporarily to increase the difficulty of the muddy place, it by no means follows that he was guilty of wilful wrong charged in the criminal complaint. The defendant was plaintiff's neighbor, and knew the purpose for which the ditches were dug and the new roadway built. He was not a supervisor or road overseer. The verdict should not be disturbed.

Order affirmed.