(121 App. Div. 224)

## MURPHY v. EIDLITZ.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

MALICIOUS PROSECUTION—ACTIONS—PROBABLE .CAUSE—ADVICE OF PROSECUTING OFFICER.

   In an action for malicious prosecution in causing the arrest of a person for larceny, evidence that the defendant procured the advice of a prosecuting officer a week after the arrest was inadmissible to show probable cause.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 45.]

Appeal from Trial Term, Kings County.

Action by Thomas J. Murphy against Charles L. Eidlitz. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

See 99 N. Y. Supp. 950.

Argued before HIRSCHBERG, P. J., and WOODWARD JENKS, RICH, and MILLER, JJ.

William S. Maddox, for appellant.

Lawrence B. Cohen (Harold H. Cohen, on the brief), for respondent.

JENKS, J. The defendant has the judgment upon the verdict of the jury in this action for malicious prosecution. At trial the defendant called a deputy assistant district attorney to prove his advice as advice of counsel. The plaintiff objected, on the ground that the alleged advice was given after the fact; that it was not a defense, and not a procuring cause of the arrest, inasmuch as the arrest was made on January 20th and the alleged advice was given a week thereafter. The court remarked it "was a reason why they went on with it." The counsel for the plaintiff retorted that the circumstances of such advice at such a time—i. e., one week after the arrest—could not tend to defeat the cause of action. At most it would only mitigate the damages, and that there was no plea in mitigation. The objection was overruled under exception, and the witness thereupon testified that he advised that there appeared evidence sufficient to make out a prima facie case of larceny against the plaintiff and that he thereupon conducted the examination in the Criminal Court.

I am of opinion that the exception was well taken. Blunt v. Little, 3 Mason, 102, Fed. Cas. No. 1,578. In that case, for a malicious prosecution, the court had rejected the evidence of counsel; it not appearing that such advice was given before the defendant commenced

his suit, nor that any statement of the facts was laid before him for his opinion. Story, J., for the court, after discussing the second ground, said:

"I think it ought not be permitted to any person, after the commencement of his suit, to repel the imputation of malice or prove probable cause by subsequently getting the opinions of counsel in his favor. What would this be but to encourage unfounded suits, and to enable parties to get rid of the effects of their own misconduct by matters ex post facto? What constitutes probable cause of action is, when the facts are given, matter of law, upon which the court are to decide; and it cannot be proper to introduce certificates of counsel to establish what the law is. If the party acts upon the advice of counsel, however mistaken, in commencing his suit, and is honestly misled, there is some ground to excuse his act. But when he has gone on without such advice, and in point of law has no probable cause of action, it is, I think, conceding too much to allow the subsequent opinion of counsel to change the legal rights of the parties. No case has been cited in which such a principle has been admitted, and I am persuaded none such exist."

Advice of counsel cannot make out a complete defense. Hazzard v. Flury, 120 N. Y. 223, 24 N. E. 194; Parr v. Loder, 97 App. Div. 218–221, 89 N. Y. Supp. 823 (appeal dismissed). It may be material as to malice. It may go to the mitigation of punitive damages. It seems to me that the advice was given at a time too late "to repel the imputation of malice," in the words of Story, J., supra. So far as mitigation is concerned, suffice it to say that there was no plea which made this evidence admissible to that end. See Bradner v. Faulkner, 93 N. Y. 515; Billings v. Albright, 66 App. Div. 239–251, 73 N. Y. Supp. 22. It seems needless to discuss the proposition whether the ruling which admitted evidence of the advice of an official prosecuting attorney in favor of a prosecution was prejudicial to the plaintiff.

It is quite clear that the learned court charged the jury that it might consider the advice of counsel upon the question of probable cause. At the close the learned counsel for the plaintiff took exception—

"to the charge that the advice of counsel may be considered by the jury as going to show probable cause.
"The Court: They may take that as an element—
"Counsel: I except to that.
"The Court: An element in the whole case.
"Counsel: I ask your honor to charge that the advice of counsel is only to be considered on the question of malice.
"The Court: No; I decline to charge that. It is a part of the case.
"Counsel: I ask your honor to charge that the advice of counsel given after the arrest is not to be considered.
"The Court: It may be considered as a reason for continuing the prosecution by the district attorney; that is, after the arrest, as having a bearing only upon the fact that they continued the prosecution before the magistrate. It was received simply for that purpose only.
"Counsel: I except to the refusal to charge as requested, and to the modification now made."

I think that the learned court fell into error. Hazzard v. Flury, supra; Scott v. Dennett Surpassing Coffee Co., 51 App. Div. 321–326, 64 N. Y. Supp. 1016.

The judgment and order must be reversed, and a new trial is granted; costs to abide the event. All concur.