State *v.* Trook—172 Ind. 558.

---

## THE STATE OF INDIANA *v.* TROOK.

[No. 21,337.   Filed June 30, 1909.]

1. WORDS AND PHRASES.—*"Verified."*—*Statutes.*—*Banks.*—*Reports.* —The word "verified," as used in §2994e Burns 1905, Acts 1905, p. 182, §5, providing that every private bank doing business under the state banking laws shall make a report, which shall be "verified," imports that such report shall be sworn to. p. 560.

2. INDICTMENT AND INFORMATION.—*Subornation of Perjury.—Bank Report.*—An affidavit charging defendant with subornation of perjury in the making of a bank report to the Auditor of State, as required by §2994e Burns 1905, Acts 1905, p. 182, §5, providing that "every bank, partnership, firm or individual transacting a banking business under the provisions of this act" shall make a report, must allege that the bank for which such report was made was doing business under the provisions of such act at the time of the making of such report. p. 560.

3. INDICTMENT AND INFORMATION.— *Subornation of Perjury.— Knowledge.*—An indictment for subornation of perjury must allege that defendant, as well as the perjurer, knew that the false oath taken was wilfully, corruptly and knowingly taken. p. 561.

From Miami Circuit Court; *John M. Nelson,* Special Judge.

Prosecution by The State of Indiana against Orrin H. Trook. From a judgment for defendant, the State appeals. *Affirmed.*

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

*Frank D. Butler* and *Blacklidge, Wolf & Barnes,* for appellee.

MONTGOMERY, C. J.—Appellee was charged by affidavit with subornation of perjury in the preparation of a report to the Auditor of State, required under the act of 1905 (Acts 1905, p. 182, §§2994a-2994j Burns 1905), for the regulation of private banks, as continued in force by the act of 1907 (Acts 1907, p. 174, §§3402-3417 Burns 1908).

The court sustained appellee's motion to quash, to which the State excepted, and assigns this ruling as error upon appeal. The affidavit is quite lengthy, and we cannot with propriety set it out in this opinion.

The report upon which the prosecution was predicated was presumably made in pursuance of the requirements of §2994e, *supra,* which reads as follows: "Every bank, partnership, firm or individual transacting a banking business under the provisions of this act shall make to the Auditor of State not less than two reports each year, according to the form which

may be described [prescribed] by the Auditor of State, which report shall be verified by some member of the firm, partnership or the individual owner of such bank," etc.

Appellee's counsel defend the ruling of the lower court on the ground, first, that the oath attached to the report was not one required by law, since the statute provides only

1. that the report shall be "verified," but does not say that it shall be by oath or affirmation.

We are mindful of the rule that in criminal proceedings statutes involved must be strictly construed, but the term "verified," as used in this connection, has such a well-known meaning as to admit of no doubt of the legislative intent. The primary definition of the verb "verify," when used in matters of law, as given in the Standard Dictionary is: "To affirm under oath; confirm by formal oath; as, to verify pleadings in an action; to verify accounts, etc." This is plainly the sense in which the term was here used, and the oath attached was therefore one required by law. *De Witt v. Hosmer* (1848), 3 How. Prac. (N. Y.) *284; *Patterson v. City of Brooklyn* (1896), 6 Hun, App. Div., 127, 40 N. Y. Supp. 581; §1356 Burns 1908, §1285 R. S. 1881.

It is argued that "Mark Tully's Exchange Bank," mentioned in the affidavit, is not alleged to have been organized or to be operating, under the private banking act of

2, 1905, and for that reason there is no showing that the report mentioned was one required by law. Section 2994c, *supra,* provides that on or before July 1, 1905, all persons then transacting a private banking business in the State shall file a statement under oath with the Auditor of State setting forth certain requested information, and thereafter all persons desiring to engage in such business shall file a like statement. It is further provided by §2994d, *supra,* that on compliance with said §2994c, and a showing under oath that the capital stock was paid in, and on the payment of a specified fee, the Auditor of State shall issue a certificate or charter authorizing the partnership, firm or individual

named to transact a banking business. It is then provided (§2994e, *supra*) that every such person "transacting a banking business under the provisions of this act shall make to the Auditor of State not less than two reports each year."

The report set out in the charge against appellee was made of the date of May 20, 1907, and sworn to June 18, 1907. The Auditor of State had no control over any so-called bank not authorized according to law to transact a banking business. The law expressly states that the reports are required only of those transacting a banking business under the provisions of the act. An allegation that the bank in question was transacting business under the act of 1905, *supra,* was material and necessary. No such allegation appears, and the affidavit must be held insufficient in this respect. *Losee* v. *Bullard* (1880), 79 N. Y. 404.

The affidavit should have shown not only that the bank named had been chartered under the private banking act, but also that the owners were operating and transacting a banking business under the provisions of that act on May 20, 1907, at the time the alleged false report was made. No such allegation is found in this affidavit, and hence no sufficient showing that the report set out was one required by law to be made. It could easily occur, as suggested by counsel, that a report would be made after a bank had ceased to do business. *Kirkland* v. *Kille* (1885), 99 N. Y. 390, 2 N. E. 36.

It is further contended that the affidavit does not allege that the appellee knew at the time charged that perjury was being committed. It is true that the charge must 3. show not merely that the suborner caused a false oath to be taken, but must go further and show that he knew at the time that the false oath was taken wilfully, corruptly and knowingly by the person named, or, in other words, that he knew he was causing the crime of perjury to be committed. *United States* v. *Evans* (1884), 19 Fed. 912; *Commonwealth* v. *Douglass* (1842), 5 Met. (Mass.) 241;

*Stewart* v. *State* (1872), 22 Ohio St. 477; 2 Wharton, Crim. Law (10th ed.), §1329; 2 Bishop, Crim. Law (8th ed.), §§1197, 1197a. The charge in this case is at least subject to criticism in this respect; but, since we have already found it insufficient in other particulars, we need not prolong the opinion by setting out and discussing the averments upon this point.

The motion to quash was correctly sustained. The judgment is affirmed.