INDIANAPOLIS TRACTION AND TERMINAL COMPANY
*v.* HENBY.

[No. 21,762. Filed February 2, 1912. Rehearing denied
July 2, 1912.]

1. MALICIOUS PROSECUTION.—*Probable Cause.*—Probable cause for
the institution of a criminal prosecution, so as to defeat an action
for malicious prosecution therefor, exists where the apparent
state of facts, found to exist on reasonable inquiry, are such as
would induce a reasonably intelligent and prudent person to be-
lieve the accused had committed the crime charged. p. 248.

2. MALICIOUS PROSECUTION.—*Probable Cause.*—*Question for Court
and Jury.*—While probable cause for instituting a criminal prose-
cution is, in the abstract, a pure question of law, where any ele-
mentary fact relied upon as a defense in an action for malicious
prosecution is controverted, the existence of probable cause be-
comes a mixed question of law and fact, requiring the court to
state hypothetically to the jury the material facts which the evi-
dence tends to prove and positively to direct as to the law on the
assumed state of facts; and where such facts are uncontroverted
the existence or nonexistence of probable cause is a question for
the court. p. 248.

3. MALICIOUS PROSECUTION.—*Probable Cause.*—*Advice of Counsel.*
—Where, before the commencement of a prosecution, the prose-
cutor honestly and in good faith sought the advice of reputable
counsel, and made to such counsel a full and true statement of all
the material facts within his knowledge, and, relying on the ad-
vice of such counsel that the facts so stated warranted the prose-
cution, in good faith commenced the action, such facts constitute
probable cause and a complete defense against an action for mali-
cious prosecution, although the advice given was erroneous.
p. 248.

4. MALICIOUS PROSECUTION.—*Probable Cause.*—*Advice of Counsel.*
—*Bona Fides of Prosecutor.*—To constitute a defense of probable
cause against an action for malicious prosecution, the advice of
counsel relied upon must have been sought in good faith, and
must have been acted on in good faith in the belief that it was
correctly and honestly given. p. 249.

5. MALICIOUS PROSECUTION.—*Probable Cause.*—*Advice of Counsel.*
—*Omission of Material Fact.*—The omission of any material fact
within the knowledge of the prosecutor, in his statement of facts
to counsel, deprives him of a reliance on probable cause, by rea-
son of advice of counsel, as a defense in an action for malicious
prosecution. p. 249.

6. MALICIOUS PROSECUTION.—*Principal and Agent.*—*Agent's Knowledge of Material Fact.*—*Advice of Counsel.*—*Probable Cause.*— Where defendant's claim agent knew of the insanity of plaintiff prior to the commencement of a prosecution by defendant against the plaintiff for perjury, such notice was sufficient to charge the defendant with such knowledge as to plaintiff's mental condition at the time of the commission of the alleged perjury as might have been ascertained by reasonable inquiry, and defendant's failure to disclose such facts at the time of seeking the advice of counsel precluded defendant from relying thereon as a defense in an action by plaintiff for malicious prosecution. pp. 249, 250.

7. MALICIOUS PROSECUTION.—*Probable Cause.*—To constitute a defense to an action for malicious prosecution, probable cause must have existed before the prosecution was commenced. p. 250.

8. MALICIOUS PROSECUTION.—*Prosecution for Perjury.*—*Insanity of Accused.*—*Probable Cause.*—Falsity of the testimony of a person who was insane at the time of testifying, is not probable cause for a prosecution for perjury, as there can be no perjury unless the oath was intentionally false. p. 250.

9. ESTOPPEL.—*Testimony of Witness.*—*Testimony as Basis for Perjury Prosecution.*—*Estoppel of Accused to Maintain Action for Malicious Prosecution.*—Where the testimony given by the plaintiff in an action brought by her against the defendant for personal injuries was false, and voluntarily given to sustain her alleged cause of action, and the defendant, with knowledge that plaintiff was insane at the time of giving such testimony, instituted a prosecution against her for perjury, plaintiff is not estopped from claiming damages for malicious prosecution, since to constitute an estoppel there must be a want of knowledge of the matter in issue on the part of the party relying on the estoppel. p. 250.

10. ESTOPPEL.—*Insane Persons.*—*Reliance on Presumption of Sanity by One with Knowledge of Insanity.*—While a person is presumed to be of sound mind, the presumption cannot be relied on by one who has actual notice of such person's unsoundness of mind, or who has notice of such facts as would put a reasonably prudent person on inquiry. p. 251.

11. MALICIOUS PROSECUTION.—*Instructions.*—*Probable Cause.*—*Malice.*—An instruction which told the jury that, as a matter of law, the commencement of a criminal prosecution by a defendant simply for the purpose of defeating the claims of a plaintiff in a civil action then pending, would be conclusive evidence of malice on the part of defendant and that in such case the advice of counsel would be no protection, and that it was for the jury to determine from the evidence whether defendant had commenced the proceedings with a *bona fide* intention of prosecuting a supposed criminal offense, or merely for the purpose of aiding private interests, is

not open to the objection that it excludes the defense of probable cause if malice is shown. p. 251.

12. MALICIOUS PROSECUTION.—*Probable Cause.—Advice of Counsel. —Bona Fides of Prosecutor.—Instructions.—Burden of Proof.*— Instructions, in an action for malicious prosecution, which warranted the jury in inferring that where advice of counsel was relied on as a defense, as probable cause, the burden was on the defendant to prove the elements of such defense, were erroneous. p. 252.

13. MALICIOUS PROSECUTION.—*Want of Probable Cause.—Burden of Proof.*—In an action for malicious prosecution, plaintiff has the burden of proving the absence of probable cause, and the fact that defendant, relying on the advice of counsel as a defense, is required to introduce evidence of acting under such advice, does not shift the burden. p. 253.

14. TRIAL.—*Instructions.—Error Not Cured by Correct Instructions.*—Where, in an action for malicious prosecution, the court erroneously instructed that defendant had the burden of proving probable cause, where it relied on the advice of counsel as constituting such defense, the error was not cured by numerous correct statements of the rule contained in other instructions given. p. 253.

15. APPEAL.—*Review.—Harmless Error.—Instructions.*—Where, in an action for malicious prosecution, defendant relied on the advice of counsel as constituting a defense of probable cause, and the evidence affirmatively shows that defendant failed to disclose to its counsel a material fact, error in instructing that defendant had the burden of proving such defense was harmless. p. 254.

16. MALICIOUS PROSECUTION.—*Prosecution for Perjury.—Instructions.*—In an action for malicious prosecution, based on the prosecution of plaintiff on a charge of perjury in giving false testimony, where there was no evidence showing that plaintiff in giving the alleged false testimony, wilfully and falsely testified to any fact concerning the existence of which she was ignorant, an instruction that, to constitute perjury, the falsity of the statement must be known to the witness when he testifies and he must testify to the same wilfully and corruptly, and that a false statement is not wilfully made unless the witness purposely made the same with knowledge of its falsity, was not erroneous. pp. 254, 255.

17. MALICIOUS PROSECUTION.—*Prosecution for Perjury.—Defense.— Guilt of Plaintiff.—Sufficiency of Affidavit Charging Perjury.*— In an action for malicious prosecution, based on a prosecution of plaintiff for perjury, evidence showing plaintiff guilty of the charge will constitute a defense to the action, regardless of the technical sufficiency of the affidavit in the criminal case to charge the crime of perjury. p. 255.

18. MALICIOUS PROSECUTION.—*Prosecution for Perjury.—Instructions.*—In an action for malicious prosecution, based on the prosecution of plaintiff on a charge of perjury, an instruction which told the jury that "a false statement, purposely made, cannot be said to have been corruptly made, if made by or through surprise, mistake, inadvertence, or while the witness was in such a state of mind on account of physical or mental suffering that he believed in good faith that such facts were in fact true, although false," was not erroneous. p. 256.

19. MALICIOUS PROSECUTION.—*Prosecution for Perjury.—Knowledge of a Material Fact Affecting Question of Guilt.—Instructions.—Refusal.*—In an action for malicious prosecution of plaintiff on the charge of perjury, where the undisputed evidence showed that defendant, before the prosecution was commenced, knew that the plaintiff was of unsound mind at the time of testifying falsely, instructions that if plaintiff testified falsely as charged, and defendant instituted the prosecution on the knowledge that such testimony was false, the prosecution was not without probable cause, were properly refused. p. 256.

20. TRIAL.—*Instructions.—Misleading Instructions.—Cure by Other Instructions.*—In an action for malicious prosecution, instructions on the subject of probable cause, in which the jury was told that to render the advice of counsel any protection to defendant, it must find that such advice was sought in good faith, and that defendant acted on such advice without a previous determination to prosecute the plaintiff, and that the burden was on defendant to prove its honesty of purpose in seeking such advice and that it was in good faith guided thereby in prosecuting plaintiff, when considered as a whole with the other instructions in which the jury was repeatedly told that plaintiff had the burden of proving malice, were not open to the objection that they misled or confused the jury as to the burden of proving malice. p. 256.

21. APPEAL.—*Review.—Harmless Error.—Instructions.*—In an action for malicious prosecution, where an instruction, submitting to the jury the question of probable cause, was erroneous in so far as the same was based on the advice of counsel, because the advice was not given after a disclosure of all material facts, the error was harmless, where, in other respects the question was properly submitted to the jury as a mixed question of law and fact. p. 257.

22. MALICIOUS PROSECUTION.—*Prosecution for Perjury.—Probable Cause.—Instructions.*—In an action for malicious prosecution, based on a prosecution of plaintiff for perjury in testifying falsely as a witness, where the evidence showed that at the time of giving such testimony the plaintiff was of unsound mind and that defendant knew of that fact before instituting the prosecution, an

instruction that if plaintiff's testimony was untrue, but defendant knew that when she so testified she was greatly afflicted in mind and body and that her nervous system was diseased, by reason of which her mind was unsound, probable cause did not exist, was not erroneous as depriving defendant of the defense of actual guilt of the plaintiff, where in other instructions the jury was told that an action for malicious prosecution will not lie at the instance of a guilty party and that on proof of actual guilt the existence of probable cause is conclusively presumed. p. 257.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Catherine L. Henby against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, defendant appeals. *Affirmed* on condition of remittitur.

*W. H. Latta, Louis B. Ewbank, Ferdinand Winter, M. E. Foley* and *S. C. Kivett,* for appellant.

*Wymond J. Beckett, Byron K. Elliott* and *Wm. F. Elliott,* for appellee.

Morris, C. J.—Appellee sued appellant for malicious prosecution. There was a trial by jury, resulting in a verdict and judgment against appellant for $10,000. From that judgment appellant appeals.

It is, among other things claimed by appellant that the verdict is not sustained by sufficient evidence, because it shows probable cause for the prosecution of the criminal charge, and because appellee is estopped, by her conduct, from claiming damages.

The following facts appear from the record, without substantial controversy: In June, 1904, appellee, a resident of Marion county, sued appellant in the Marion Circuit Court, for damages for alleged injuries sustained by her in a street-car accident in May of the same year. After the cause was put at issue the venue was changed to the Morgan Circuit Court, where it was first tried in October, 1905. Plaintiff testified in her own behalf. The trial resulted in a disagreement of the jury. Thereupon, on appellant's motion, the venue was changed to the Hendricks Circuit Court. After-

ward, on December 16, 1905, appellant procured John W. Miller, a constable and news agent, residing in Morgan county, to make an affidavit, in three counts, before the prosecuting attorney of that county, charging that appellee committed the crime of perjury in giving her testimony, in October, in her civil cause. Miller had not heard appellee's testimony, did not know her, and had never seen her, but signed and swore to the affidavit, wholly on information given him by appellant. Appellant procured the filing of the affidavit in the Morgan Circuit Court. A warrant was issued for the arrest of appellee, and was placed in the hands of the sheriff. Appellant, before the warrant was served, paid the sheriff for expenses of making the arrest. Appellee was arrested at Greenfield, by the Morgan county sheriff, and taken to Martinsville, where she was released from custody on giving bond for her appearance before the circuit court of Morgan county. In March, 1906, the civil action was tried for the second time in the Hendricks Circuit Court. Appellee was again a witness, and testified in her own behalf. While on the witness stand she was asked by counsel for appellant if she had not been arrested on a charge of perjury, still pending, based on her testimony given in the same case at Martinsville, in October, 1905. She was required to answer the question, and replied in the affirmative. In the argument of the cause to the jury, appellant's counsel asserted that appellee had been arrested for perjury committed on the first trial of the case, and was unworthy of belief, and ought to be in the penitentiary. This second trial resulted in a verdict and judgment for appellant. The charge of perjury against appellee was tried in October, 1906, in the Morgan Circuit Court. Lawyers, theretofore employed by appellant, appeared with the prosecuting attorney, and, with the latter, represented the State in the trial. They were paid, through appellant's claim agent, in currency, for their services. The trial resulted in appellee's acquittal. The counsel employed by appellant

were Martinsville lawyers, who had not represented appellant in the civil case.

Very soon after the street-car accident, in May, 1904, appellee was taken to an Indianapolis hospital, by the direction of appellant's claim agent, where she was treated for about three weeks. While there, she suffered from displacement and hemorrhage of the womb, and was sometimes delirious. Subsequently, until June, 1906, appellee suffered greatly from her womb displacement, and her memory was greatly impaired. At the latter time, she went back to the hospital, and underwent a surgical operation for fixation of the womb, and removal of her ovaries and fallopian tubes. Doctor Coffin was appellee's regularly attending physician while she was in the hospital in May, 1904, and continued as such until after the surgical operation in June, 1906. During that time Doctor Best also attended her at intervals.

After the accident, and before the filing of the affidavit for perjury, probably in the fall of 1904, Doctor Coffin informed appellant's claim agent that appellee's mind was not sound; but he did not inform appellee's attorneys of this fact, and was not, on account of illness, present at the first trial of the civil action. No investigation of this information was ever made by appellant.

In appellee's complaint for personal injuries it was alleged that at the time of the accident, in May, 1904, she was earning from $10 to $12 a week as bookkeeper. At the first trial, in October, 1905, she testified that when injured she was working at the American Metal Works, in Indianapolis, as bookkeeper and file clerk, for wages of $10 a week. This testimony was not true. She was not in the employ of that company in May, 1904, when injured, and had not been employed there after October, 1903, at which time she was employed for about two weeks only, at wages of not more than $7 a week. For more than four months previous to her injury she was employed as a household domestic, in the home of L. G. Richardson, in Indianapolis, and received

$4.50 a week and her board and washing, the latter item worth from $1 to $1.25 a week.

The second count of the affidavit for perjury was based on appellee's testimony above set out.

At the trial of the present cause, ten witnesses who resided in the vicinity of Carthage, where appellee was born and reared, testified that her reputation for truth and morality was good. Appellant offered no evidence on the subject.

In each of the trials of appellee's civil action she was the only witness who testified in her behalf in regard to the particulars of her accident. At the first trial, at Martinsville, in October, 1905, the president of the American Metal Company testified for appellant that appellee had not been in the employ of that company since October, 1903, and was then employed for less than two weeks at a salary of not more than $7 a week. At the same trial, five witnesses for appellant testified that appellee's injuries, sued for, were sustained by her in voluntarily alighting from the car while in motion. Appellee's counsel, in argument, insisted that appellee's testimony, though contradicted by that of the above five witnesses, was entitled to credit by the jury. At the same trial, Doctor Best testified that certain nerves of appellee were then diseased, and that she would not be better, as to her womb, without an operation.

In the complaint in the present case it is alleged that from May, 1904, when she was injured, until the summer of 1906, when the surgical operation was performed, appellee's mind was continuously diseased and unsound as a result of her injuries, and that appellant had knowledge of such mental condition during all of said time, and maliciously instituted the criminal prosecution for the sole purpose of defeating her civil action on the second trial thereof.

It is contended by appellant, that in instituting the prosecution it did so under the advice of counsel, in good faith, and that this alone constituted probable cause. There is a conflict in some of the inferences that might be legitimately

drawn from the evidence on this subject. David E. Watson, a lawyer of Martinsville, was the only witness in regard to this matter, and, among other things, he testified on direct and cross-examination as follows: "My partner, Mr. Mc Ginnis, and I were employed by Mr. Matthews, an attorney for appellant in the civil suit, to assist the prosecuting attorney, in prosecuting the perjury case. I assisted in preparing the affidavit. I was supplied by appellant with a list of witnesses and a statement of facts that each witness was expected to testify to, before I gave an opinion; before affidavit was filed, I gave, in good faith, my opinion that there was ground for the prosecution, but don't remember whether or not I advised the filing of the affidavit."

On redirect examination by appellee's counsel, Mr. Watson further testified: "It may be that when the list of witnesses and statements of facts expected to be proved, were submitted to me, the affidavit had already been filed; I cannot remember. I had no information, before the commencement of the prosecution, that one of appellee's physicians, had informed the appellant's claim agent, that appellee's mind was unsound, or that she was mentally unbalanced. I was not requested by appellant to submit the facts stated to me, to the grand-jury, for investigation. I possibly examined the witnesses, on behalf of the state, at the perjury trial. I remember that I made an argument to the jury."

Evidence was given in the trial of the present cause that at the time of the trial of the civil action in October, 1905, appellee was a person of unsound mind. Appellee testified that at the time she gave her testimony, in the first trial of her civil action, she then believed that the testimony she gave in regard to her employment by the metal company was true. She now believes that her testimony was not correct in fact, but, at the time, she had no intention of deceiving or misleading the court or jury, but the testimony given was the result of the diseased condition of her mind and body.

Interrogatories were submitted to the jury, and answered. The jury found that appellee's testimony, relating to her employment at the metal works, given at the 1905 trial, was untrue, but that at the time she did not know it was false, but believed it was true, and, at the time, was of unsound mind, and the false testimony given was the result of such mental unsoundness.

The jury also found, by its answers, that appellant, before the filing of the affidavit, did not receive the opinion and advice of counsel, that on the facts stated in the affidavit appellee was guilty of perjury.

1. Probable cause occurs, in an apparent state of facts, found to exist upon reasonable inquiry, such as the given case renders convenient and proper, which would induce a reasonably intelligent and prudent person to believe the accused had committed the crime charged. *Hutchinson* v. *Wenzel* (1900), 155 Ind. 49, 54, 56 N. E. 845; *Terre Haute, etc., R. Co.* v. *Mason* (1897), 148 Ind. 578, 46 N. E. 322.

2. In the abstract, probable cause is a pure question of law, but its existence in a given case is a mixed question of law and fact, when one or more of the elementary facts thereof, relied upon, is controverted; in such case, the court must hypothetically state to the jury the material facts which the evidence tends to prove, and positively direct, as to the law, on the assumed state of facts. Where the facts are uncontroverted, the court must determine the existence or nonexistence of probable cause. *Hutchinson* v. *Wenzel, supra*, 54, and cases cited.

3. Where, before the commencement of the prosecution, the prosecutor honestly, and in good faith, sought advice of reputable counsel, and made to such counsel a full and true statement of all the material facts within his knowledge, and such counsel thereupon advised the prosecutor that the facts so stated warranted the prosecution, and, relying on the advice, the prosecutor in good

faith commenced the action, such facts constitute probable
cause, and, consequently, a complete defense against an ac-
tion for malicious prosecution, although the advice given was
erroneous. *Scotten* v. *Longfellow* (1872), 40 Ind. 23; *Terre
Haute, etc., R. Co.* v. *Mason, supra; Paddock* v. *Watts*
(1888), 116 Ind. 146, 18 N. E. 518, 9 Am. St. 832; *Flora* v.
*Russell* (1894), 138 Ind. 153, 37 N. E. 593; *Lawrence* v.
*Leathers* (1903), 31 Ind. App. 414, 68 N. E. 179; *Shea* v.
*Cloquet Lumber Co.* (1904), 92 Minn. 348, 100 N. W. 111;
1 Ann. Cas. 930 and note on page 932; note to *Ross* v. *Hixon*
(1891), 26 Am. St. 123, 127.

The prosecutor must have sought the advice of counsel
in good faith, and not as a shelter from a possible action
for malicious prosecution. He must, to some extent,
4.  have been doubtful of his legal rights, when he sought
the advice, and he must, in good faith, have pursued
the directions of his attorney, in the belief that the attorney
correctly and honestly advised him. *McCarthy* v. *Kitchen*
(1877), 59 Ind. 500; note to *Van Meter* v. *Bass* (1907), 18
L. R. A. (N. S.) 49, 50, 51. The omission, in the
5.  statement of facts to counsel, of any material fact
within the prosecutor's knowledge deprives him of a
reliance on probable cause as a defense by reason of advice
of counsel. *Scotten* v. *Longfellow, supra; Flora* v. *Russell,
supra; Lawrence* v. *Leathers, . supra; Dunlap* v. *New
Zealand, etc., Ins. Co.* (1895), 109 Cal. 365, 42 Pac. 29;
*Flikkie* v. *Oberson* (1900), 82 Minn. 82, 84 N. W. 651; *Jack-
son* v. *Bell* (1894), 5 S. Dak. 257, 58 N. W. 671; *Dreyfus* v.
*Aul* (1890), 29 Neb. 191, 45 N. W. 282; *Brown* v. *Smith*
(1876), 83 Ill. 291; note to *Van Meter* v. *Bass* (1907), 18
L. R. A. (N. S.) 49, 55-57.

We do not think, under the evidence in this case, appellant
can rely, as a defense, on the advice of counsel given. We
cannot say that the jury was not warranted in find-
6.  ing that the advice of counsel was given after, rather
than before, the institution of the prosecution. Prob-

able cause, to constitute a defense, must have existed before the prosecution was commenced. *Blunt* v. *Little* (1822), 3 Mason 102, Fed. Cas. No. 1,578; *Murphy* v. *Eidlitz* (1907), 105 N. Y. Supp. 674, 121 App. Div. 224.

Nor was the disclosure of facts complete. It is not disputed that before the institution of the perjury proceeding, appellant's claim agent was informed by appellee's physician that she was a person of unsound mind. Notice to the claim agent was notice to appellant corporation. This information was concerning a material fact. It was sufficient to put appellant on inquiry as to appellee's mental condition at the time she testified. The failure of appellant to make any investigation of this information charges it with knowledge of such facts as might have been ascertained by reasonable inquiry. *Scotten* v. *Longfellow, supra; Galloway* v. *Stewart* (1874), 49 Ind. 156, 19 Am. Rep. 677; *Lawrence* v. *Leathers, supra; Parker* v. *Parker* (1897), 102 Iowa 500, 71 N. W. 421.

Nor did the falsity of the testimony, in itself constitute probable cause, when taken in connection with the condition of appellee's mind. There can be no perjury, unless the oath was intentionally false.

Appellant also contends that as the uncontroverted evidence shows that appellee's testimony was untrue, and was voluntarily given to sustain her alleged cause of action, appellant had a right to rely on her testimony as a basis of a criminal prosecution for perjury, and as the evidence shows it did so rely, appellee is now estopped from claiming damages for malicious prosecution, by asserting that she was not guilty of the crime charged, because she was of unsound mind when she testified.

The testimony of a person may work an estoppel, if his adversary has acted on such testimony to his prejudice. 16 Cyc. 801.

Here, however, appellant had been informed by appel-

lee's physician before the affidavit was filed that she was of unsound mind.

In order to constitute a valid estoppel by conduct, there must be a want of knowledge of the matter in issue on the part of the party relying on the estoppel. *Franklin Nat. Bank* v. *Whitehead* (1898), 149 Ind. 560, 49 N. E. 592, 39 L. R. A. 725, 63 Am. St. 302, and cases cited; *Schipper* v. *St. Palais* (1871), 37 Ind. 505, and cases cited; *Hosford* v. *Johnson* (1881), 74 Ind. 479; *Robbins* v. *Magee* (1881), 76 Ind. 381; *Bowles* v. *Trapp* (1894), 139 Ind. 55, 38 N. E. 406; *Steele* v. *Michigan Buggy Co.* (1911), 50 Ind. App. 635, 95 N. E. 435, and cases cited.

While soundness, and not unsoundness, of mind of a person is presumed, such presumption cannot be relied on by one who has actual notice of the person's unsound-

10. ness of mind, or who has notice of such facts as would put a reasonably prudent person on inquiry. We cannot say the verdict was not supported by sufficient evidence in regard to the above contentions.

The court gave appellee's seventh requested instruction, which was as follows:

"*You are instructed as a matter of law, that the*

11. *commencement of a criminal prosecution by a defendant simply for the purpose of defeating the claims of a plaintiff in a civil action then pending, would be an abuse of the process of the court and would be conclusive evidence of malice on the part of the person commencing such proceeding, and in such case the advice of counsel would be no protection.* Whether in this case, the proceedings were commenced against the plaintiff with a *bona fide* intention of prosecuting a supposed criminal offense, or merely for the purpose of aiding private interests, are questions to be determined by the jury from the evidence." (Italics here, and throughout opinion, ours.)

Appellant's counsel contend that the italicised portion of instruction seven was erroneous, because it excluded the

defense of probable cause if malice was shown. We do not think the instruction is subject to this criticism. It is evident from a consideration of the entire instruction that the court intended only to exclude the element of advice of counsel as a defense against malice, where express malice was shown.

The court gave the third requested instruction of appellee, as follows:

> "*The court instructs the jury that in order to render the advice of counsel any protection to the defendant in this action, the jury must be satisfied from a fair preponderance of the evidence that such advice was sought by the defendant, its agents or employes, in good faith, and that a fair, full and true statement of all the facts were then submitted to the attorney, and that in instituting the prosecution defendant was induced to act, and acted on such advice without a previous determination to prosecute the plaintiff, whether so advised or not.*"

The court also gave appellee's fifth requested instruction, a portion of which reads as follows: "*The burden of proof is upon the defendant in this case to prove that it sought counsel and legal advice with an honest purpose to be informed as to the law, and that defendant, * * * was in good faith, guided by such advice in causing the arrest and prosecution of the plaintiff.*"

It is claimed by appellant's counsel, that each of the above instructions was erroneous, because the jury, in effect, was informed that the burden of proof was on defendant to show probable cause and want of malice, and a prosecution begun and ended. That the burden was on plaintiff to prove all these matters is conceded by appellee's counsel, but they contend (1) that these instructions, when considered in connection with others given, are not susceptible to the construction placed on them by appellant's counsel; that in the instructions given, the court simply meant to inform the jury that appellant could not claim advice of counsel as a

defense, unless it made a full disclosure and acted in good faith; (2) that if the instructions were erroneous, they were harmless, by reason of facts specially found by the jury, and supported by the evidence.

It is true, as appellee's counsel say in their brief, that the court, in a great many other instructions given, "again and again" informed the jury that the burden was on plaintiff to prove want of probable cause, malice, and a prosecution begun and ended. It is also true that there was no controversy over the instituting and ending of the prosecution. Nor do we believe the above instructions, considered in connection with other instructions given, are chargeable with the theory of casting on defendant the burden of proving absence of malice.

But the above instructions, numbered three and five, warranted the jury in inferring that where advice of counsel was relied on as a defense, as probable cause, the burden was on defendant to prove the elements thereof therein enumerated. This was erroneous. Whatever may be the rule in other jurisdictions, the one recognized in this State fixes the burden on plaintiff to prove absence of probable cause. While it might be necessary for defendant to introduce evidence of acting under the advice of counsel, in order to obtain the benefit of that defense, such duty to introduce evidence does not shift the burden of proof to the defendant. 4 Wigmore, Evidence, §2539. This error was not cured by the numerous correct statements of the rule given in various other instructions, for the statement in instruction five, at least, was in direct conflict therewith. *Fowler* v. *Wallace* (1892), 131 Ind. 347, 31 N. E. 53.

It is possible that instruction six, requested by appellee, and instruction twelve, given by the court on its own motion, are subject to the same criticism as instructions three and five, requested by appellee, though in a less degree.

We believe, however, that these instructions were not

harmful to appellant, because the evidence affirmatively shows that appellant failed to disclose to its counsel the material fact, of which it had information, in regard to appellee's mental condition. That such information was not only material, but of very great importance, in securing a reliable opinion on a charge of perjury, is apparent. As probable cause is a pure question of law, where there is no dispute as to facts, and as there was here the undisputed omission of a material fact in the disclosure to counsel, appellant cannot avail itself of the defense of probable cause by reason of relying on the advice of reputable counsel, and the above instructions, though erroneous, were harmless.

The court, by appellee's requested instruction nine and one-half, informed the jury that the falsity of the statement must be known to the witness when he testifies, and he must testify to the same wilfully and corruptly, and a false statement is not wilfully made unless the witness purposely made the same with knowledge of its falsity.

Counsel for appellant contend that this instruction was erroneous, because, they say, it is not the law that a witness must know his statement to be false in order to be guilty of perjury; that a witness who testifies falsely, in complete ignorance as to whether the statements made are true or false, commits perjury.

Our statute defining perjury (Acts 1905 p. 584, §474, §2375 Burns 1908) requires that one to be guilty of that crime must "swear or affirm wilfully, corruptly and falsely touching a matter material to the point in question." Perjury is the wilful giving, under oath, of false testimony. 2 Bishop, Crim. Law §1015. It exists only where there is the specific intent to testify falsely. 2 Bishop, Crim. Law §§1046, 1048. Wilfully swearing falsely, necessarily implies that the oath was knowingly false. State v. Stein (1892), 48 Minn. 466, 51 N. W. 474; United States v. Pettus (1897), 84 Fed. 791. The falsity of the oath, and knowledge thereof,

are elements of the offense. *State* v. *Trook* (1909), 172 Ind. 558, 88 N. E. 930; 30 Cyc. 1402, 1403. One may be guilty of perjury, as appellant contends, in swearing a thing is true, and which is, in fact, true, but concerning which he had no knowledge, but believed it to be false, for in such case the oath is false (*State* v. *Cruikshank* [1841], 6 Blackf. 62; 22 Am. and Eng. Ency. Law [2d ed.] 685) ; but in such case the witness, in wilfully swearing falsely, knowingly takes a false oath. The affidavit in question charged perjury in the giving of certain testimony. It would have been a defense here, had the evidence shown that appellee was actually guilty of perjury in testifying to the matter set out in the affidavit, regardless of the technical sufficiency thereof to charge the offense of perjury. *Streight* v. *Bell* (1871), 37 Ind. 550.

It may also be conceded in the present case that a complete defense would have been made if the evidence had shown that appellee, in giving the testimony set out in the affidavit, testified wilfully and corruptly and falsely, in that she testified that certain facts existed, but of the existence of which she was in complete ignorance.

The instruction given was correct, however, as applied to the facts in this case. There was no evidence given to which appellant's proposition, above stated, would apply, because no facts were shown that would warrant the jury in inferring that appellee wilfully and falsely testified to any fact concerning the existence of which she was ignorant.

Under the averments of the affidavit here, it was necessary, in order to sustain the charge of perjury, to prove that appellee knew the statement to be false, and the court did not err. *King* v. *State* (1897), 103 Ga. 263, 30 S. E. 30; *Coyne* v. *People* (1888), 124 Ill. 17, 14 N. E. 668, 7 Am. St. 324.

The court instructed the jury, in instruction nine and three-fourths, requested by appellee, that "a false statement,

purposely made, cannot be said to have been corruptly made, if made by or through surprise, mistake, inadvertence, or while the witness was in such a state of mind on account of physical or mental suffering that he believed in good faith that such facts were in fact true, although false.'' Appellant claims this instruction was erroneous, because no degree of surprise can justify a witness in purposely making a false statement. We think the court did not err in giving the instruction. Gillett, Crim. Law §695; 2 Wharton, Crim. Law (10th ed.) §1245; 30 Cyc. 1404.

The court refused to give to the jury appellant's requested instruction five, which, in effect, requested the court to inform the jury that if plaintiff testified as charged, with reference to her employment at the American Metal Works, and that such testimony was false, and, at the time, defendant knew it was false, and, on said knowledge instituted the prosecution, then the prosecution was not without probable cause, and the verdict should be for defendant. Instruction eleven, refused by the court, involved the same principle, but applied to all the counts of the affidavit, while instruction ten applied only to the second count. Each count of the affidavit charged perjury, based on different statements made by appellee in her testimony at the trial of October, 1905. The court correctly refused the above instructions, because there was undisputed evidence that appellant was informed of appellee's unsoundness of mind before the prosecution was commenced.

Appellant claims that instructions three and five, hereinbefore set out, requested by appellee and given by the court, are erroneous, because they cast on defendant the burden of proving absence of malice. The above instructions were on the subject of probable cause. In instruction six, requested by appellant, and instructions six, seven, seventeen, nineteen and twenty, given by the court on its own motion, the jury was repeatedly informed that the burden of proving malice was on plaintiff, and it cannot

be said in fairness that there was anything in the instructions complained of that would, considering the instructions as a whole, have a tendency to mislead or confuse the jury in regard to the burden on appellee to prove malice.

Appellant claims that appellee's requested instruction ten, given by the court, invaded the province of the jury. The instruction is not properly chargeable with such objection.

Instruction eleven, requested by appellee, and given by the court, was not erroneous, under the evidence given.

It is also contended that the court erred in submitting to the jury the question of probable cause. The court may have erred in submitting to the jury the question of probable cause, in so far as the same was based on the advice of counsel, because the advice was not given after a disclosure of all material facts, but such error, if any, did not harm appellant. In other respects, the question was properly submitted to the jury as a mixed question of law and fact.

In plaintiff's requested instruction ten, given by the court, the jury was informed, in effect, that if appellee's testimony was untrue, but defendant knew that when she so testified she was greatly afflicted in mind and body and her nervous system was diseased, and by reason thereof her mind was unsound, and that she was confused about the matters to which she testified, and that a reasonably prudent and cautious person would not have honestly believed that she had intentionally committed the crime of perjury, then, under such facts, probable cause did not exist. Appellant claims that the above instruction deprived it of the defense of actual guilt of the accused as charged.

In instruction twenty-two, given by the court on its own motion, the jury was instructed as follows: "An action of malicious prosecution will not lie at the instance of a guilty party; upon proof of actual guilt the existence of probable

cause is conclusively presumed.'' Other instructions given by the court were to the same effect. Considered in connection with other instructions given, instruction ten, above, was not erroneous.

Finally, it is claimed by appellant that the damages are excessive. We think the verdict was excessive in the sum of $3,000. The judgment is affirmed, on condition that within thirty days from this date appellee shall enter a remittitur of $3,000 as of the date of the return of the verdict. Otherwise the judgment will be reversed.

NOTE.—Reported in 97 N. E. 313. See, also, under (1) 26 Cyc. 24; (2) 26 Cyc. 105; (3) 26 Cyc. 31; (4) 26 Cyc. 36; (5) 26 Cyc. 34; (7) 26 Cyc. 29; (9) 16 Cyc. 738; (10) 16 Cyc. 730; (11) 26 Cyc. 114; (12) 26 Cyc. 113, 116; (13) 26 Cyc. 85; (14) 38 Cyc. 1782; (15) 38 Cyc. 1748; (17) 26 Cyc. 26; (19) 26 Cyc. 113; (20, 21) 38 Cyc. 1782; (22) 26 Cyc. 114. As to the liability for the malicious prosecution of civil actions or criminal charges, see 93 Am. St. 454; 26 Am. St. 127; 14 Am. Dec. 599; 12 Am. Dec. 265. The authorities on the question of advice of counsel as a defense to action for malicious prosecution are collated in notes in 18 L. R. A. (N. S.) 49 and 25 L. Ed. U. S. 116. For discussion on same question, see 1 Ann. Cas. 932; 11 Ann. Cas. 954; Ann. Cas 1912 D 423.