Chief Justice Robertson
delivered the Opinion of the Court,
Neal having obtained a verdict by default against Holburn, in an action on the case, for a malicious prosecution—the Court overruled amotion for a new trial, made on an affidavit, averring that, within a few days after the institution of the suit, Neal had “gone off;” that Holburn supposed, therefore, that the suit had been abandoned; that his counsel had agreed to notify him when, or whether at all, it would be expedient to prepare for defending ■the suit; that the counsel having given no such information, no defence, or preparation, had been made; and also, that Holburn had not been instigated by malice., in fact; that the verdiet was outrageously excessive, and that, on a subsequent trial, be would he able to prove, by witnesses whose affidavits were also read, facts sufficient to show, that he had probable cause for instituting (the prosecution against Neal, on a charge for stealing his *121 money, and that, within a few hours after Neal had been arrested, having become convinced that he could not sustain the charge by sufficient proof, and' therefore, having directed the officer to liberate Neal, he abandoned the prosecution, and Neal was, consequently, on the next morning, discharged by an enquiring court.
In a suit &r a malicious prosecution, express proof of malice - in the absence of probable causéis not required; the legal implication will sus tain a verdict. No eonrt can say that a verdict for $250 damages, for an injury to character and liberty, is excessive; or that any sum is so, that is not, per se, evidence of prejudice or corruption.
The character, habits and appearance of a man,and the pub lie opinion about him—tho’ coupled with the fact that a crime was committed where he, with others, was present, will not amount to probable cause, in his suit for a malicious prosecution.
Final judgment having been rendered on the verdict, for two hundered and fifty dollars—the only question to be decided, is, whether the Circuit Court erred in overruling the motion for a new trial.
All of the reasons urged for the new trial may be reduced to two simple propositions:—First, the alleged enormousness of the damages; s'econd, surprise—neither ■of which has been so established as to show, that the Circuit Judge abused a sound judicial discretion in re-fusing to set the verdict aside.
Although the facts which were proved on the writ of enquiry may not have clearly shown express malice, yet, without proof of probable cause, the legal implication of malice was sufficient to justify a verdict for damages; and, in such an action as this, a court cannot decide that a verdict for two hundred and fifty dollars indicates passion or prejudice, or is, in fact, unjust or oppressive. Indeed, when a party has a right to any damages, two hundred and fifty dollars should not be deemed in any degree excessive, and, in a suit for any injury to character and liberty, no assessment, however high, would require the interposition of the Court, unless it should be so enormous, as per sc, to indicate prejudice or corruption.
Second. The facts which the plaintiff in error avers that he can prove, would not be sufficient to establish a legal justification. These facts are:—(1) that money was stolen from his pocket when, as was believed, the defendant in error and others were with him in a public room; (2) that the defendant was a stranger, transient, unemployed and suspiciously observed in consequence of habits and associations deemed by many persons rather vulgar and disparaging; (3) that, when interrogated respecting the stolen money, he looked and acted like a *122 guilty man; (4) that various persons expressed the opinion that he was guilty, and advised the prosecution.
Def’t did not prepare for trial, believing that pl’tf did not intend to prosecute the suit, as he had “gone off;” but there wa3 no other indication that he or his lawyer had abandoned it; and the deft’satto had pro raised to inform him in time, in case it should be necessary,to pre pare for trial— but did not do so: these facts are not a sufficient excuse for not being ready for trial, and not sufficient ground for a new trial— altho’ the def’t swears that the prosecution for which he is sued, was commenced without malice, and relies also, on excess in the damages.
Now, although it is the interest, and is therefore the law, of society, that an honest citizen shall not be liable to damages for endeavoring to uphold the cause of public justice and security, by prosecuting, in good faith and for the common good, any and every person who, upon a dispassionate and rational survey of facts, appears to be guilty of a crime: nevertheless, personal security and private right forbid, that a mere suspicion, or even a strong belief of his guilt, arising only from such facts as his character, or habits, or countenance, should be admitted as a justification.
And it is far from being certain that the facts exhibited in the affidavits, would, on another trial, reduce the verdict.
But, whatever those facts might show, or conduce to prove, no satisfactory or sufficient cause for not proving them on the trial has been shown or suggested. The reason for the alleged expectation that the suit would not be prosecuted is altogether insufficient. The fact that, during the pendency of the suit, Neal had “gone off,” did not authorize the deduction that he had abandoned the suit: unless also, there had been reason to believe, that he did not intend to return, and that his lawyer had abandoned the case, or had been instracted to dismiss it; the more especially as Neal appears to have been a non-resident and to have '•'•gone off” prior to the execution of the writ.
Nor can it be admitted, that the alleged failure of Holburn’s attorney to instruct him to prepare for defending the suit, furnished any legal excuse for neglecting all preparation, and for failing to appear on the calling of the case in Court; and especially, as no affidavit by the attorney has been filed, nor any reason suggested for his alleged omission.
Wherefore, although yielding to the influence of some apparent hardship in the case, we felt disposed to indulge the plaintiff in error with a supersedeas, yet, brought to the final decision of the question, whether the Circuit Judge erred or not, it seems to us, on full and mature consideration, that the judgment cannot be reversed *123 without subverting important and long established principles, and shaking public confidence in the stability and certainty of legal justice.
And therefore, harsh and oppressive as the judgment may be deemed or felt to be, we feel constrained by judicial duty to affirm it.