Winemiller v. Thrash.

No. 14,399.

WINEMILLER v. THRASH.

MALICIOUS PROSECUTION.—*Indictment.*—*Admissibility of in Evidence.*—In an action for malicious prosecution it was proper for the court to permit the plaintiff to read in evidence the indictment, with the endorsements, which it was alleged the defendant had procured against him.

SAME.— *Charge of Perjury.*—*Truth of Plaintiff's Testimony.*—In such action it was proper to permit the plaintiff to prove the character of the transaction upon which the defendant based the charge of a criminal offence, and, as the offence charged was perjury, it was proper to show facts tending to prove that the testimony given by the plaintiff was true.

From the Gibson Circuit Court.

*G. G. Reily, T. R. Cobb* and *O. H. Cobb,* for appellant.

*W. A. Cullop, C. B. Kessinger, J. S. Pritchett, J. E. McCullough* and *J. H. Miller,* for appellee.

ELLIOTT, J.—The appellant appeals from a judgment awarding the appellee damages for a malicious prosecution.

The trial court permitted the appellee to read in evidence the indictment which it was alleged the appellant had procured against him, together with the endorsements upon it. In this there was no error. It has often been decided that

VOL. 125.—23

a record is an entirety, and as such is admissible. Papers forming a part of the record are, under the general and familiar rule, competent and proper instruments of evidence. This is especially true where, as here, the papers are prepared and filed by public officers in the discharge of their duties. *Iles* v. *Watson*, 76 Ind. 359 ; *State, ex rel.,* v. *Hawkins*, 81 Ind. 486 ; *Anderson* v. *Ackerman*, 88 Ind. 481.

It was proper to permit the appellee to prove the character of the transaction upon which the appellant based the charge of a criminal offence, and, as the offence charged was perjury, it was proper to show facts tending to prove that the testimony given by the appellee was true. If it be true, as the appellant's counsel assert, that some incompetent declarations were admitted, still there can be no reversal, for two satisfactory reasons: The question as to such declarations is not properly presented, and the trial court by its instructions properly and clearly limited and restricted the evidence and prevented harm to the appellant.

It has often been adjudged that a fact may be established by indirect evidence, and the fact that the appellant procured the indictment of the appellee is very clearly inferable from the facts proved. *Indianapolis, etc., R. R. Co.* v. *Collingwood*, 71 Ind. 476 ; *McFadden* v. *Fritz*, 110 Ind. 1 ; *Heaton* v. *Shanklin*, 115 Ind. 595 ; *Louisville, etc., R. W. Co.* v. *Balch*, 122 Ind. 583. There is, indeed, direct evidence of that fact.

In this class of cases the courts are reluctant to interfere with the assessment of damages, and it is only in cases where the damages appear at first blush to be outrageous that they will displace the judgment of the jury by their own. This is by no means such a case.

Judgment affirmed.

Filed Oct. 11, 1890.