No. 14,868.

BRUCE, BY NEXT FRIEND, *v.* TYLER.

MALICIOUS PROSECUTION.—*Evidence.*—Where a mother and her thirteen-
year-old son living with her were arrested for larceny and acquitted,
evidence of the bad reputation of the mother for honesty is inadmissi-
ble on behalf of the defendant in an action by the son for malicious
prosecution.

From the Cass Circuit Court.

*N. L. Agnew, B. Borders* and *D. C. Justice,* for appellant.

OLDS, C. J.—This was an action brought in the court be-
low by the appellant against the appellee for damages for
malicious prosecution. The trial resulted in a verdict and
judgment for the appellee.

The cause comes to this court upon a reserved question of
law under section 630, R. S. 1881.

The bill of exceptions states that the evidence tended to
prove that on the 22d day of October, 1887, the appellee
caused the plaintiff, Milo Bruce, to be arrested jointly with
one Sarah E. Bruce, his mother, and taken before a justice
of the peace of Pulaski county, on a charge made by said
appellee against them of stealing turkeys, the property of
said appellee, of the value of $5.50; that on a preliminary
examination before the justice they were recognized to appear
in the circuit court to answer said charge, and in said circuit
court appellee charged them by affidavit, sworn to by him,
with the same crime, and an information was also filed in the
circuit court, and on the trial in the circuit court they were
acquitted.

The appellant was, at the time, about thirteen years of
age, and lived with his parents, one of whom was his co-de-
fendant in such prosecution.

The evidence further tended to show that Sarah E. Bruce
at that time owned about one hundred turkeys, and the ap-
pellee owned sixty-five turkeys; that both Sarah E. Bruce's

Bruce, by Next Friend, *v.* Tyler.

and appellee's turkeys were mixed with a breed known as
" bronze " turkeys ; that on the 20th day of October, 1887,
Sarah E. Bruce sold, in Winamac, Indiana, twelve turkeys
of this mixed breed ; that her son, the appellant, drove them
to town and was present when she sold them ; that these
turkeys were raised by Mrs. Bruce, and by her order Milo
caught them on the morning of the day they were sold ; that
appellee lost no turkeys and had as many before as after the
arrest ; that appellee claimed to have lost thirty-three tur-
keys on the 20th day of October, 1887 ; that appellant in-
troduced other competent evidence tending to prove all the
allegations of his complaint, and Sarah E. Bruce was not
called, nor sworn as a witness, and did not testify as a wit-
ness for the appellant in chief in this cause ; that the appel-
lee to sustain the issues on his part, called as a witness one
Caroline Dipert who was duly sworn as a witness, and there-
upon the appellee asked her the following question :

" Q.   You may state, Mrs. Dipert, if you are acquainted
with the general reputation of Mrs. Bruce, the old lady in
the neighborhood where she is known ? Was you acquainted
with her reputation, say the 20th of October, 1887, for hon-
esty ?   And she answered : Yes, sir."

The witness was asked the further question, " state what
that reputation was, good or bad," and she answered that it
was " bad."

Objection was made by counsel for the appellant, at the
proper time, as to the competency of the evidence ; the ob-
jection was overruled.   A motion was also made to strike
out the evidence, which was also overruled, and exceptions
reserved to the rulings of the court, and the question as to
the competency of the evidence is properly presented.

This evidence is clearly incompetent, and it was error to
admit it.

The parents are the natural custodians of a child of the
age of the appellant.   His association with his mother can
not be said to be of his own volition.   His parents, who

were living together, had the lawful right to his custody, and it was his duty to confide in them and obey all reasonable and lawful commands which they might give. The fact that the mother with whom he lived might have a bad reputation for honesty, constituted no grounds for the arrest of the son for the crime of larceny. In some instances, the general bad character of the party himself might, when considered with other facts, tend to establish probable cause for his arrest, but to hold that the bad reputation of the mother of a boy thirteen years old with whom he lived may be proven as tending to establish probable cause for the arrest of such a boy for the crime of larceny, is carrying the doctrine of proof as to character entirely too far to be permitted. It is very doubtful, even in a case where persons of mature years voluntarily associate themselves together, and a crime is committed, and they are arrested, charged with the commission of it and acquitted, and one of them brings suit for damages for malicious prosecution, whether it would be proper to consider the reputation of the other defendant in determining whether the person instituting the prosecution had probable cause for so doing, but certainly such evidence is not proper in such a case as the one at bar. See *Armstrong* v. *Grogan*, 5 Sneed (Tenn.), 108 ; 1 Hilliard Torts, p. 434, section 19 ; *Brainerd* v. *Brackett*, 33 Me. 580; *Holburn* v. *Neal*, 4 Dana, 120 ; *Peck* v. *Chouteau*, 91 Mo. 138 ; *Patterson* v. *Garloch*, 39 Mich. 447 ; *Falvey* v. *Faxon*, 143 Mass. 284 ; *Walker* v. *Pittman*, 108 Ind. 341 ; *Oliver* v. *Pate*, 43 Ind. 132 ; *Peden* v. *Mail*, 118 Ind. 560; *Adams* v. *Bicknell*, 126 Ind. 210 ; *Cottrell* v. *Cottrell*, 126 Ind. 181 ; *Winemiller* v. *Thrash*, 125 Ind. 353.

The court erred in admitting the evidence.

Judgment reversed, at costs of appellee, with instructions to the circuit court to grant a new trial.

Filed March 18, 1891.