Hillsborough, ⎱
May 4, 1915. ⎰

## FRANK KROL v. EDWARD PLODICK.

In an action for malicious prosecution, evidence that the defendant before entering complaint against the plaintiff learned that the latter's brother had been arrested upon a similar charge is not admissible to show probable cause or absence of malice.

CASE, for malicious prosecution. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1913, of the superior court by *Chamberlin*, J.

In August, 1910, the parties engaged in a game of pool in a Manchester pool-room for money. In making change there was some dispute about the genuineness of a two-dollar bill which Krol gave Plodick, and some of the bystanders said it was counterfeit. Thereupon the defendant went to police headquarters and entered a complaint for passing counterfeit money against the plaintiff, who was arrested, tried, and acquitted. The defendant offered evidence to show that after he left the pool-room and before he visited police headquarters he learned that a brother of the plaintiff had been arrested for passing counterfeit money. The evidence was excluded, and the defendant excepted.

*Branch & Branch (Frederick W. Branch orally)*, for the plaintiff.

*James A. Broderick* (by brief and orally), for the defendant.

WALKER, J. It is argued by the defendant that the evidence excluded should have been admitted upon the ground that it was a circumstance which, taken in connection with what occurred in the pool-room, tended to prove that he had probable cause for instituting the prosecution against the plaintiff. If, as the defendant claims, his suspicions were aroused by the talk in the pool-room that the plaintiff had passed to him counterfeit money, it is difficult to understand why they should be confirmed or strengthened by the mere fact that subsequently he was informed that another man had been arrested upon a similar charge. In the absence of evidence showing that both men were in some way associated together and had a common purpose or design to commit the crime of passing counterfeit money, reasonable men could not reach that conclusion.

Because A is charged with the commission of a crime, it is not ordinarily a legitimate deduction that B is guilty of a like offence. Nor is this self-evident proposition any the less applicable when the additional fact is considered that A and B are brothers. The family relationship alone is not sufficient to create in the mind of a reasonably prudent man a rational belief that one is a criminal because the other is. *Brainerd* v. *Brackett*, 33 Me. 580; *Hyde* v. *Greuch*, 62 Md. 577; *Bruce* v. *Tyler*, 127 Ind. 468; *Holburn* v. *Neal*, 4 Dana 120; *Schwartz* v. *Boswell*, 156 Ky. 103.

To the suggestion that all the circumstances that induced the defendant to charge the plaintiff with the commission of the offence ought to be considered upon the question whether the defendant had probable cause to believe the plaintiff was guilty, it is sufficient to reply that the question is not what ideas the defendant entertained, or what his state of mind was without regard to the reasonableness of his thoughts, but whether there was "such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." *Eastman* v. *Keasor*, 44 N. H. 518, 520; *Cohn* v. *Saidel*, 71 N. H. 558, 567. The prosecutor is not justified when his belief that the plaintiff was guilty was founded on facts, or rumors, or suspicions that would not "lead a man of ordinary caution and prudence" to entertain a similar belief. Hence the fact that a reasonable man would not have been influenced in his opinion by the fact that the plaintiff's brother had been arrested for passing counterfeit money, in other words by the immaterial rumor to that effect, shows that the evidence was incompetent. It had no rational tendency to prove that the defendant was influenced by a probable cause, as judicially defined and understood.

But while the defendant concedes that in a case of this character the fact of malice, which is essential to support a verdict for the plaintiff, may be inferred by the jury from an absence of proof of probable cause, it is further contended that the defendant may rebut that inference by evidence that his motive was not malicious, and that the evidence excluded in this case had a legitimate tendency to prove that fact. This argument is answered by what has already been said. The reported criminality of the plaintiff's brother could not aid the jury in reaching a conclusion upon the issue of the defendant's malice aginst the plaintiff. If the defendant had no probable cause to think the plaintiff was guilty, the resulting inference of malice is not overcome or modified by the fact

that he learned that a third party had been arrested on a similar charge, even though such third party was a brother of the plaintiff. Upon no reasonable ground could it be said that this information caused him to have an honest belief in the guilt of the plaintiff. Evidence is not receivable which has no reasonable tendency to prove the fact sought to be established.

*Exception overruled: judgment on the verdict.*

All concurred.