Arnold SATZ, Appellant-Defendant,

v.

Leonard KOPLOW, Appellee-Plaintiff.

No. 2–1178A408.

Court of Appeals of Indiana, Fourth District.

Dec. 20, 1979.

Mark W. Gray, Howard J. DeTrude, Jr., Peter G. Tamulonis, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellant-defendant.

Joe Tipton, Irwin B. Levin, Dillon, Hardamon & Cohen, Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

Defendant-appellant Arnold Satz appeals from a jury verdict in the Marion Superior Court holding him liable under plaintiff-appellee Leonard Koplow's suit for malicious prosecution. Satz essentially challenges the sufficiency of the evidence on two elements of the malicious prosecution tort, the admission of pleadings from the underlying suit, the giving of an instruction and the amount of damages. We find no error and affirm.

## FACTS

The facts most favorable to appellee Koplow are as follows: Satz and Koplow were merchants who had adjacent stores at 38th and Meridian Streets in Indianapolis. It was Koplow's practice to hire off-duty Indi-

anapolis officers as security guards in his store. The officers were always in uniform.

On May 8, 1970, Robert Snow was employed by Koplow in this capacity. While in Koplow's store Snow observed Satz strike another car with his car and then drive away. Later, on the way to dinner, Snow went into Satz's store to tell him to contact the owner of the car he had struck. An altercation arose and Snow handcuffed Satz and dragged him to the police car parked outside. Satz was arrested and charged with taunting a police officer and being a disorderly person. He was released on bail later that night.

Upon arriving home Satz called Roland Koplow, Leonard Koplow's brother and employee. In response to Satz's question, Roland said neither he nor Leonard had sent Officer Snow to Satz's store.

Shortly thereafter Satz wrote letters to Koplow and Mary Lugar. The letter to Koplow said, "ferment and hatred originated on your premises" and made reference to the abuse of civil liberties in Nazi Germany. In the letter to Lugar he briefly described the incident and said he was "considering offering my experience and the facts thereof to a national publication."

Criminal charges against Satz were dropped, over Snow's protest, when Satz signed a release relieving the City of Indianapolis from liability. Nevertheless, Satz sued the City, Snow and Koplow. The jury found for Koplow but against Snow and the City. The judgment against the City was eventually reversed by the Indiana Supreme Court, *City of Indianapolis v. Satz,* (1978) Ind., 377 N.E.2d 623.

Koplow subsequently brought this action for malicious prosecution against Satz. The jury awarded Koplow $15,000 compensatory and $500 punitive damages. Satz is appealing that judgment.

### ISSUES

We have restated the issues as follows:

I. Was there sufficient evidence to prove the element of lack of probable cause?

II. Was there sufficient evidence to prove the element of malice?

III. Were pleadings from the original action properly admitted into evidence?

IV. Should the jury have found for Satz on his advice of counsel defense?

V. Did the court correctly instruct the jury on the attorney-client relationship in the context of a malicious prosecution suit?

VI. Were the damages excessive?

■ In a malicious prosecution action the plaintiff must prove:

1. The defendant instituted or caused to be instituted a prosecution against the plaintiff,

2. The defendant acted maliciously in doing so,

3. The prosecution was instituted without probable cause,

4. The prosecution terminated in plaintiff's favor. *Yerkes v. Washington Manufacturing Co.,* (1975) 163 Ind.App. 692, 326 N.E.2d 629; *Barrow v. Weddle Brothers Construction,* (1974) 161 Ind.App. 601, 316 N.E.2d 845; *Cassidy v. Cain,* (1969) 145 Ind.App. 581, 251 N.E.2d 852. The parties agree only the elements of lack of probable cause and malice are in dispute.

### I. PROBABLE CAUSE

Appellant Satz argues the record is devoid of any evidence which shows a lack of probable cause. He also argues the trial court's denial of Koplow's motions for judgment on the evidence in the underlying suit conclusively establish probable cause. We do not agree with either contention.

In deciding the first of Satz's arguments we are cognizant of our standard of review. We may reverse only when the evidence leads to one conclusion, and that conclusion is contrary to the one reached by the trial court. *Commercial Credit Corp. v. Ensley,* (1970) 148 Ind.App. 151, 264 N.E.2d 80, 84.

■ "Probable cause exists when from an apparent state of facts, found to exist, a reasonably intelligent and prudent person would be induced to act as did the person

who is charged with the burden of having probable cause to act." *Commercial Credit Corp. v. Ensley, supra; Cassidy v. Cain, supra.* More simply stated, the inquiry is whether Satz acted reasonably in believing Koplow was somehow responsible for the tortious actions of Officer Snow. There is sufficient evidence to sustain a negative response to this question.

In his brief Satz correctly points up that the existence and scope of an employment relationship is generally a question of fact. The facts most favorable to appellee Koplow show Snow was acting as a private citizen at the time of his altercation with Satz. He was on his dinner break and was not acting under Koplow's direction. Koplow did not even know where Snow was when the incident occurred. The gist of these facts were made known to Satz during his telephone conversation with Roland Koplow on the night of the arrest. It was the jury's duty to decide whether Satz had a reasonable belief that Koplow was liable. *Stewart v. Sonneborn,* (1879) 98 U.S. 187, 25 L.Ed. 116; *Treloar v. Harris,* (1917) 66 Ind. App. 59, 117 N.E. 975. Their verdict indicates they found a lack of probable cause. Applying our standard of review, the evidence fails to convince us that the jury's conclusion was erroneous.

■ Appellant Satz also argues probable cause was established as a matter of law when the judge denied Koplow's motions for judgment on the evidence at the original trial.[1] We do not agree with this assertion. A ruling on a T.R. 50 motion potentially encompasses many considerations and the record gives us no clue as to the reasons for the court's denial of these motions. The authorities cited by appellant lend no support. Restatement (Second) of Torts § 663 states that a discharge of an accused by a magistrate at a preliminary hearing establishes a lack of probable cause for purposes of a later malicious prosecution suit. *Gallucci v. Milavic,* (1958) Fla., 100 So.2d 375, is

to the same effect. These authorities, however, involve a *criminal* proceeding in which a primary purpose is to determine the existence of probable cause. They are therefore distinguishable from this case.

## II. MALICE

■ For his second argument Satz contends there is no probative evidence in the record to establish the essential element of malice. We consider this argument in light of the traditional standard of review enunciated previously. *Commercial Credit Corp. v. Ensley, supra.* Malice "in fact" must be shown here; malice "in law" such as is required in defamation actions is not sufficient. *Prosser Torts* (4th ed. 1971).

■ The jury could have properly inferred malice from a number of different aspects of the evidence. Malice may be inferred from a lack of probable cause. *Stivers v. Old National Bank in Evansville,* (1970) 48 Ind.App. 196, 264 N.E.2d 339. As we have decided, Satz lacked probable cause to bring the original suit. There was also evidence of bad feeling between Satz and Koplow. In December 1969, the two men involved themselves in a shoving match over parking space in front of their stores. Although "personal hatred or revenge" is not necessary to prove malice, *Pontius v. Kimble,* (1914) 56 Ind.App. 144, 104 N.E. 981, 981–82, we have found no authority, nor has appellant cited any, which prohibits the consideration of personal animosity in establishing malice. Appellant's argument that the December 1969 incident was too "remote" and "all but forgotten" does not persuade us. Only eight months passed between December 1969 and the filing of the original suit. During this time the parties were apparently angry and did not speak to each other. We think the jury could have properly inferred malice from this evidence. Finally the letters written by Satz to Koplow and Mayor Lugar shortly after the altercation in May 1970 are probative evi-

---

1. Satz's reply brief points up the lack of a response to this argument by appellee Koplow. He correctly says this establishes a *prima facie* case. However, when we feel the issue can be safely resolved without the assistance of a counter-argument we have the power to do so. *See Sheldmeyer v. Bias,* (1942) 112 Ind.App. 522, 45 N.E.2d 347.

dence of malice. Satz claims the letters show only emotional upset, "grief and anguish" over the incident. Koplow describes the letters as "vicious and hateful." Although neither characterization is entirely accurate, the jury easily could have inferred malice from the letters. We therefore conclude there is sufficient evidence to support the element of malice.

## III. ADMISSION OF PLEADINGS

█ At trial pleadings from the original action were admitted into evidence and parts of them were read to the jury by Koplow's attorney. Satz contends these pleadings were irrelevant and served only to prejudice the jury. Despite the vigor with which this argument is presented, Satz has provided us with no authority to support his position. However, the law is clear and well established on this point. A plaintiff in a malicious prosecution action may read into evidence the defendant's pleadings from the original trial. *Winemiller v. Thrash*, (1890) 125 Ind. 353, 25 N.E. 350.

## IV. ADVICE OF COUNSEL

█ The advice of counsel defense is an absolute defense to a malicious prosecution action. To establish the defense a defendant must show that before commencement of the original action he honestly and in good faith sought the advice of a reputable counsel to whom he gave a full and fair statement of all material facts. If the defendant then instituted the original action relying on the attorney's advice he cannot be held liable in a subsequent malicious prosecution suit, even though the attorney's advice was erroneous. *Indianapolis Traction and Terminal Co. v. Henby*, (1912) 178 Ind. 239, 97 N.E. 313; *Yerkes v. Washington Manufacturing Co., Inc.*, (1975) 163 Ind.App. 692, 326 N.E.2d 629; *Barrow v. Weddle Brothers Construction*, (1974) 161 Ind.App. 601, 316 N.E.2d 845.

█ Satz argues the facts concerning the defense are uncontroverted and he therefore was entitled to a judgment as a matter of law. We do not agree. Satz is correct that evidence of malice has no bear-

ing on the advice of counsel defense. *See Pallas v. Zaharopoulos*, (1979) —— Va. ——, 250 S.E.2d 357. Nevertheless, there was evidence which showed Satz did not give a full and fair disclosure of all material facts. The evidence most favorable to appellee Leonard Koplow shows Roland Koplow told Satz neither he nor his brother had anything to do with Officer Snow going to Satz's store. This evidence was highly relevant to determining whether Koplow could be held vicariously liable for Snow's tortious actions. The failure to disclose this fact constitutes a failure to give a full and fair disclosure of all material facts. We find no reason to reverse the jury's verdict on the advice of counsel defense issue.

## V. INSTRUCTIONS

Satz protests the giving of Koplow's tendered instruction number 9 which told the jury an attorney-client relationship is based on principles of agency and that a client is responsible for the acts of his attorney. He has claimed this instruction was erroneous as it effectively negated his advice of counsel defense. The same argument is raised with regard to the court's refusal to give appellant's instruction number 5. Before addressing the merits of this contention, however, we must first deal with appellee Koplow's argument that the error was not properly preserved.

█ Koplow asserts there was no objection to the giving of his instruction number 9 and any error has therefore been waived. The record reveals the judge explicitly told the parties which instructions he would and would not give.

THE COURT: For the record the plaintiff tendered nine instructions and the court will five [sic] the following instructions. Plaintiff's instruction Number 1. Number 2 will be given. Number 3 will be given.

. . . . .

Instruction Number 4 will be refused. Instruction Number 5 will be given. Instruction Number 7 will be given. Instruction Number 8 will be refused. *Nine will be given.*

The judge then requested objections for the record. Presenting an argument on another instruction, appellant's counsel made this statement:

> The only case which Mr. Tipton gave in support of his position in that regard was the case of Brutus versus Wright, which was his *Instruction Number 9, which the court refused* . . . .

Appellant argues this statement reflects his "misunderstanding" of the judge's intentions. We agree, but do not think it excuses the failure to timely object to the instructions. The court clearly intended to give tendered instruction number 9 and never mislead or confused counsel. The responsibility for the misunderstanding must fall on appellant's shoulders. Additionally, we note appellant's counsel sat mute while the now contested instruction was read to the jury. Although we do not think it would have been good trial strategy to vehemently object to the instruction during the reading of the jury instructions, we believe counsel could have requested authorization to approach the bench and discreetly made his objection known. This would have had a minimum disruptive effect on the jury and would have preserved error despite counsel's initial misunderstanding regarding the instruction.

 Appellant Satz has preserved error with regard to the court's refusal to give his tendered instruction number 5[2] which read:

> You are instructed that the Defendant Arnold Satz is not responsible for the legal decisions of the attorney that represented him in the original lawsuit in which Mr. Koplow was a defendant.

Satz claims the refusal of this instruction effectively denied him the advice of counsel defense. It is true the advice of counsel defense is operative even though the attorney's advice was erroneous. *Indianapolis Traction and Terminal Co. v. Henby*, (1912) 178 Ind. 239, 97 N.E. 313; *Barrow v. Wed-*

dle Brothers Construction, (1974) 161 Ind. App. 601, 316 N.E.2d 845. Nevertheless, this defense does not totally relieve a client from responsibility for the acts of his attorney. The court properly instructed the jury on the advice of counsel defense. It also instructed them an attorney-client relationship is based upon agency principles and an agent may bind his principal only when the agent acts as authorized by his principal. This correctly states the law; when these instructions are read together and, as the trial court instructed, in harmony with each other, we perceive no error.

## VI. DAMAGES

 Satz's final argument concerns the amount of damages awarded Koplow. He received $15,000 in compensatory and $500 in punitive damages. Satz contends this award is contrary to law and disproportionate to the evidence. We affirm the jury's award.

This court will not disturb a damages award unless it is so outrageous as to induce belief that the jury acted from prejudice, partiality or corruption. *Snider v. Lewis*, (1971) 150 Ind.App. 30, 276 N.E.2d 160; *Dwyer v. McClean*, (1961) 133 Ind.App. 454, 175 N.E.2d 50. In a malicious prosecution case a plaintiff may recover for mental anguish, humiliation, and the like in addition to pecuniary loss. Koplow presented evidence of costs and attorney's fees in the original action which amounted to $4,400. Although Satz finds this figure highly unreasonable, he declined to object to it at trial. Koplow also stated he was upset and "shocked" by the filing of the original suit and underwent apprehension over the possibility of losing his personal and business assets. Given this evidence we cannot say an award of $15,000 compensatory damages was the result of prejudice, partiality or corruption. Similarly, the award of $500 punitive damages was not unreasonable in light of the jury's finding of malice.

**2.** Although appellant objected to the refusal to give this instruction, we note it is not necessary for a party to object when the court refuses an

instruction tendered by that party. *State Farm Mut. Auto. Ins. Co. v. Shuman*, (1977) Ind.App., 370 N.E.2d 941.

Finding no error in any of the issues presented, the judgment of the trial court is affirmed.

GARRARD, P. J., sitting by designation, and YOUNG, J., concur.