In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 21-2118 & 21-2307

BIRCH|REA PARTNERS, INC.,

*Plaintiff-Appellant, Cross-Appellee,*

*v.*

REGENT BANK,
STONEGATE BANK, and
HOME BANCSHARES, INC.,

*Defendants-Appellees, Cross-Appellants.*

———————————

Appeals from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 18-cv-00030 — **Holly A. Brady**, *Judge.*

———————————

ARGUED JANUARY 7, 2022 — DECIDED MARCH 2, 2022

———————————

Before EASTERBROOK, ST. EVE, and KIRSCH, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Almost fifteen years ago, Birch|Rea Partners, Inc. ("Birch|Rea") prepared an appraisal report on a property in Indiana. Regent Bank later acquired the property and started to doubt the report prepared by Birch|Rea. After consulting with independent appraisal experts, Regent Bank hired a law firm, and together they employed a certified

appraiser, John Potter, to prepare a new report evaluating the original Birch|Rea report. Potter's report detailed several deficiencies in Birch|Rea's 2007 appraisal of the property.

After reviewing the Potter report, Regent Bank filed a complaint in federal court against Birch|Rea for various state law claims, but soon reconsidered and moved to dismiss the complaint. Birch|Rea then filed its own lawsuit against Regent Bank for malicious prosecution. Regent Bank, in turn, counterclaimed for attorney's fees under the Indiana frivolous litigation statute. The district court dismissed both claims at summary judgment, and each side appealed. We conclude that Birch|Rea cannot establish the elements of a successful malicious-prosecution claim, but its lawsuit was not frivolous under Indiana law. We therefore affirm.

## I. Background

On May 16, 2007, SunTrust Bank ("Sun Trust") hired Birch|Rea Partners, Inc. to perform a portfolio valuation on a property located in Indiana. Birch|Rea prepared the report ("the Birch report") and valued the property at $3.23 million. PNC Bank ("PNC") provided the financing for the mortgage loan, and both PNC and Sun Trust accepted the report. On October 19, 2007, the owner sold the property to a Sun Trust affiliate subject to a $2.3 million loan PNC extended to Sun Trust. A few years later, PNC assigned the loan to American Capital Group, LLC, which would later sell the loan to Regent Bank.[1]

---

[1] Stonegate Bank and Home BancShares, Inc. are successors in interest of Regent Bank. "Regent Bank" refers to all three defendants in this case.

In February 2016, Regent Bank began questioning the property's valuation. Regent Bank consulted with independent appraisal experts and reviewed appraisal authorities and regulations. The appraisers determined that the "go-dark" value of the property was only $200,000. Regent Bank employed a law firm to investigate the situation further. The law firm and the bank together hired a certified appraiser, John Potter, to examine the Birch report. Potter prepared a report of his findings ("the Potter report"), which detailed nine deficiencies in the original Birch report. The report concluded, "Overall, the appraiser finds this report in non-compliance with USPAP [Uniform Standards of Professional Appraisal Practice] and [Birch|Rea] breached their duty of care by failing to apply proper methods used to appraise the subject property as set forth herein."

Based on the Potter report, Regent Bank sued Birch|Rea for professional negligence, negligent misrepresentation, constructive fraud, and breach of contract in connection to its preparation of the Birch report ("the underlying action"). The complaint filed by Regent Bank specifically cited the Potter report as justification for the underlying claims. Soon after initiating the lawsuit though, Regent Bank reconsidered and moved to voluntarily dismiss the case. The district court dismissed the suit with prejudice.

Believing that the underlying action was frivolous, Birch|Rea filed a complaint against Regent Bank for malicious prosecution. Thereafter, Regent Bank counterclaimed for damages under the Indiana frivolous litigation statute. During discovery, Regent Bank failed to disclose the names of two potential individuals, Doug Green and Andrew Wyman, who had relevant information pursuant to Federal Rule of Civil

Procedure 26(a), then later relied on affidavits submitted by
Green and Wyman. Regent Bank moved for summary judg-
ment on its malicious-prosecution claim, and Birch|Rea
moved to strike Green and Wyman's affidavits and moved for
summary judgment on attorney's fees under Indiana law. The
district court granted both motions for summary judgment
and denied the motion to strike. Both parties appealed.

## II. Discussion

Birch|Rea argues that the district court erred by granting
summary judgment for Regent Bank on its malicious-prose-
cution claim and that the district court abused its discretion
by denying the motion to strike Green and Wyman's affida-
vits. Regent Bank submits that the district court erred by
granting summary judgment for Birch|Rea on its claim under
the Indiana frivolous litigation statute.

### A. Motions for Summary Judgment

We review a grant of summary judgment de novo.
*Driveline Sys., LLC v. Arctic Cat, Inc.*, 936 F.3d 576, 579 (7th Cir.
2019). On cross-motions for summary judgment, all facts and
inferences are drawn "in the light most favorable to the non-
moving party on each motion." *Lalowski v. City of Des Plaines*,
789 F.3d 784, 787 (7th Cir. 2015) (quoting *Wis. Alumni Research
Found. v. Xenon Pharm., Inc.*, 591 F.3d 876, 882 (7th Cir. 2010)).
"Summary judgment is appropriate if there is no genuine dis-
pute as to any material fact, and the moving party is entitled
to judgment as a matter of law." *Dunderdale v. United Airlines,
Inc.*, 807 F.3d 849, 853 (7th Cir. 2015) (citing Fed. R. Civ. P.
56(a)). A genuine issue of material fact exists only if "there is
sufficient evidence favoring the nonmoving party for a jury to
return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 249 (1986); *see also Aregood v. Givaudan Flavors Corp.*, 904 F.3d 475, 482 (7th Cir. 2018).

### 1. Malicious Prosecution

The "essence of a malicious prosecution rests" on the idea that the plaintiff "has been improperly subjected to legal process." *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001). Under Indiana law, a malicious-prosecution claim has four elements: "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted with malice in doing so; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Ingram v. Diamond Equip., Inc.*, 118 N.E.3d 1, 7 (Ind. Ct. App. 2018); *see also Reichhart*, 748 N.E.2d at 378. The tort, however, is "not generally favored," and its requirements "are construed strictly against the party bringing the action." *Wong v. Tabor*, 422 N.E.2d 1279, 1283 (Ind. Ct. App. 1981). Here, the parties only dispute the second and third elements. Regent Bank maintains that it had probable cause to bring the underlying action and never acted with malice, each of which independently defeats Birch|Rea's claim. We agree with both points.

Probable cause exists when "a reasonably intelligent and prudent person would be induced to act as did the person who is charged with the burden of having probable cause." *Ingram*, 118 N.E.3d at 8 (quoting *Reichhart*, 748 N.E.2d at 379). In other words, "the inquiry is whether the defendant acted reasonably in believing the plaintiff was somehow responsible for the tortious actions." *Id.* (citing *Satz v. Koplow*, 397 N.E.2d 1082, 1085 (Ind. Ct. App. 1979)).

Regent Bank had probable cause to initiate the underlying action against Birch|Rea. Regent Bank consulted with independent appraisers, who determined that the Indiana property at issue declined in value by several million dollars. In response, Regent Bank retained counsel to investigate any possible legal action. The law firm, together with Regent Bank, hired a certified appraiser, Potter, with extensive experience. Potter prepared a lengthy report, which opined that Birch|Rea over-relied on a nonmarket sale, did not make the appropriate adjustments, misused the gross income multiplier, failed to properly segment size under the right approaches, drew upon a bad description, lacked the necessary verification and reporting, disregarded market conditions, and misrepresented a sale. The uncontradicted evidence shows that Regent Bank relied on the Potter report to sue Birch|Rea for professional negligence, negligent misrepresentation, common law or constructive fraud, and breach of contract as a third-party beneficiary. Indeed, Regent Bank specifically referred to the report in its complaint for the underlying action. Although Regent Bank withdrew its complaint, "the fact that a party is ultimately" unsuccessful in litigation "does not lead to the conclusion [that] the party had no probable cause to file suit." *Id.*; *see also Trotter v. Ind. Waste Sys., Inc.*, 632 N.E.2d 1159, 1164 (Ind. Ct. App. 1994) (holding that a malicious-prosecution claim failed because one party "had probable cause to believe that it had an enforceable purchase agreement" even without a contract between the two parties). Regent Bank needed only to be reasonably induced to act, which it was.

Birch|Rea contends that the Potter report itself lacks accuracy and, moreover, that the evidence in the record confirms Birch|Rea "valued the leased fee interest of the Property

accurately." The inquiry, however, is not whether Birch|Rea was correct in 2007 or whether Potter was accurate in 2016. *See Ingram*, 118 N.E.3d at 8. Rather, it is whether Regent Bank had probable cause to commence the underlying action. For this question, the Potter report provides the necessary answer, and Birch|Rea has failed to identify any glaring error that would discredit the report to "a reasonably intelligent and prudent person." *Id.*

Next, Birch|Rea argues that Regent Bank could not rely on its initial report as a matter of federal law. But Birch|Rea does not provide any legal citations to support its point. Instead, Birch|Rea states that its own expert witness, Ted Whitmer, "testified in great detail as to why Regent Bank could not have relied on" the report, "given the requirements of USPAP, FIRREA [Financial Institutions Reform, Recovery, and Enforcement Act], and the Interagency Guidelines." At summary judgment though, only the nonmoving party's factual contentions are presumed correct, not its legal arguments. *See Lalowski*, 789 F.3d at 787. A party cannot smuggle in legal conclusions masqueraded as factual contentions through a deposition. Nor is it "our job to do the legal research" that a party fails to do, particularly when presented with a complex statutory or administrative scheme. *United States v. Barr*, 960 F.3d 906, 916 (7th Cir. 2020) (quoting *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005)); *see also Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

For a malicious-prosecution claim under Indiana law, malice "in fact" must be shown; malice "in law" does not suffice. *Ingram*, 118 N.E.3d at 8 (quoting *Satz*, 397 N.E.2d at 1085).

Malice can be "inferred from a total lack of probable cause necessary to bring suit," but a mere failure in the original suit, by itself, cannot independently establish malice—rather, "that failure must be culpable, that is, malice that rises above the level of mere negligence." *Id.*

Regent Bank did not act maliciously in commencing the underlying action. As explained above, Regent Bank had probable cause based on advice from outside counsel, a detailed report by a certified appraiser, and justifiable reliance on this report. And Birch|Rea has failed to show any other malice that "rises above the level of mere negligence." *Id.* Even a failure to make a "suitable and reasonable inquiry into the facts," which Birch|Rea asserts, "is not enough in itself to sustain an action for malicious prosecution." *Id.* (citing *Mirka v. Fairfield of Am., Inc.*, 627 N.E.2d 449, 451–52 (Ind. Ct. App. 1994)).

### 2. Indiana Frivolous Litigation Statute

Regent Bank seeks to collect attorney's fees under the Indiana frivolous litigation statute. A federal court sitting in diversity applies state substantive law and federal procedural law. *See DiPerna v. Chi. Sch. Pro. Psych.*, 893 F.3d 1001, 1006 (7th Cir. 2018) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). When a federal rule conflicts with a state law though, the federal rule governs. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398–400 (2010). Courts are divided as to whether state frivolous litigation statutes conflict with Federal Rule of Civil Procedure 11. *Compare First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002) (holding that the Ohio frivolous litigation statute "conflicts with Fed. R. Civ. P. Rule 11's safe harbor provision and, therefore, should not be applied in federal

court"), *with Showan v. Pressdee*, 922 F.3d 1211, 1226–27 (11th Cir. 2019) (holding that Rule 11 does not conflict with the Georgia frivolous litigation statute and applying the law). We need not decide whether Rule 11 conflicts with the Indiana frivolous litigation statute because Birch|Rea's malicious-prosecution claim is not frivolous in the first instance. *See O'Brien v. Caterpillar Inc.*, 900 F.3d 923, 928 (7th Cir. 2018) ("[An appellate court] may affirm on any ground supported in the record so long as it was adequately addressed below and the plaintiffs had an opportunity to contest the issue.").

Indiana law provides that "[i]n any civil action, the court may award attorney's fees … to the prevailing party" based on (1) a claim or defense "that is frivolous, unreasonable, or groundless"; (2) continued litigation after a claim or defense "clearly became frivolous, unreasonable, or groundless"; (3) or litigation "in bad faith." Ind. Code § 34-52-1-1; *see generally River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906 (Ind. 2020). Regent Bank asserts both that Birch|Rea's malicious-prosecution claim was frivolous, unreasonable, or groundless at its filing and that it engaged in bad-faith litigation. *See* Ind. Code § 34-52-1-1(b)(1), (3).

"A claim is 'frivolous' if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law." *Staff Source, LLC v. Wallace*, 143 N.E.3d 996, 1008 (Ind. Ct. App. 2020) (quoting *Kitchell v. Franklin*, 26 N.E.3d 1050, 1057 (Ind. Ct. App. 2015)). An unreasonable claim is one that, "based on the totality of the circumstances … no reasonable attorney would consider the claim justified

or worthy of litigation." *Id.* (quoting *Kitchell*, 26 N.E.3d at 1057). And a claim is "groundless if no facts exist which support the legal claim relied on and presented by the losing party." *Id.* (quoting *Purcell v. Old Nat. Bank*, 972 N.E.2d 835, 843 (Ind. 2012)).

Birch|Rea did not file a frivolous, unreasonable, or groundless lawsuit against Regent Bank. There is no evidence that the malicious-prosecution claim was brought to injure Regent Bank. Indeed, Birch|Rea made a rational argument on the merits, albeit an unconvincing one. *See Kitchell*, 26 N.E.3d at 1057 ("[T]he law is settled that a claim is … [not] frivolous merely because a party loses on the merits."). The Potter report potentially contained deficiencies of its own, and Regent Bank may have had a tenuous argument for reliance on the original Birch report. The fact that Regent Bank quickly dropped its underlying claim suggests that it may have lacked merit. Moreover, Birch|Rea supported its action with a colorable claim that Indiana case law applied to these facts. *See, e.g.*, *Ingram*, 118 N.E.3d at 8; *Reichhart*, 748 N.E.2d at 379; *Satz*, 397 N.E.2d at 1085; *Wong*, 422 N.E.2d at 1283.

Bad-faith litigation occurs where the party commits more than "bad judgment or negligence." *Staff Source*, 143 N.E.3d at 1008 (quoting *Mitchell v. Mitchell*, 695 N.E.2d 920, 924 (Ind. 1998)). Instead, it "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity"—in other words, "a state of mind affirmatively operating with furtive design or ill will." *Id.* (quoting *Mitchell*, 695 N.E.2d at 924). Like above, Regent Bank has produced no evidence that Birch|Rea engaged in bad-faith litigation—that is, there is no support for the notion that Birch|Rea acted with a "dishonest purpose or moral obliquity." *Id.* (quoting *Mitchell*, 695 N.E.2d

at 924). Both parties seem to acknowledge the "acrimonious history" of this litigation, but bitter litigation is not enough by itself. While Birch|Rea ultimately cannot prevail, its actions do not rise to bad-faith litigation.

**B. Motion to Strike**

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires that a party disclose, without any specific request as part of the umbrella category of initial disclosure, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Additionally, "[a] party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure or response." Fed. R. Civ. P. 26(e)(1). A party that does not disclose a witness cannot "use that … witness to supply evidence on a motion … unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). We review the denial of a motion to strike a summary judgment affidavit for abuse of discretion. *Cont. W. Ins. Co. v. Cnty. Mut. Ins. Co.*, 3 F.4th 308, 318 (7th Cir. 2021).

The question of whether the district court should have excluded the affidavits is moot. The operative facts above concern the Potter report, its preparation, and Regent's Bank reliance on the report—none of which are based on the disputed affidavits. Birch|Rea does not contest that the Potter report exists, was turned over as part of discovery, and is relevant for summary judgment. Nor does it challenge the admission of Potter's deposition. And a different, unchallenged affiant

stated that Regent Bank relied on the Potter report. Thus, the district court did not err by denying the motion to strike.

### III. Conclusion

For these reasons, we affirm the judgment of the district court.